# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BASSAM HAMDAN,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-1732-Orl-22GJK**

**UNITED STATES ATTORNEY GENERAL; SECRETARY, DEPARTMENT OF HOMELAND SECURITY; DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES; FIELD DIRECTOR, USCIS; DIRECTOR, FEDERAL BUREAU OF INVESTIGATION; DISTRICT DIRECTOR, USCIS,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:**　**MOTION TO REOPEN AND FOR CONTEMPT (Doc. No. 17)**
>
> **FILED:**　　**May 5, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

    On October 31, 2007, Plaintiff Bassam Hamdan ("Plaintiff") filed his complaint (the "Complaint") against the United States Attorney General, Secretary of the Department of Homeland Security, Director of the U.S. Citizenship and Immigration Services ("USCIS"), Field Director of

USCIS, the Director of the Federal Bureau of Investigation ("FBI"), and the District Director of USCIS (collectively the "Defendants"). Doc. No. 1. In Count I of the Complaint, Plaintiff requests "a judicial determination of his naturalization application, and a declaration that he is entitled to naturalization as a citizen of the United States or, in the alternative, Plaintiff requests . . . a Writ of Mandamus ordering a timely adjudication of his application for naturalization." Doc. No. 1 at ¶ 25. In Count II, Plaintiff also requests a *de novo* review of his eligibility for naturalization and a declaration that he is entitled to naturalization. *Id*. at ¶ 28. In Count II of the Complaint, Plaintiff requests an order compelling the Director of the FBI "to provide the results of security background check inquiries relating to the Plaintiff in connection to his application for naturalization." *Id*. at ¶ 31.

On February 12, 2008, Plaintiff filed his First Motion for Summary Judgment. Doc. No. 12. On February 14, 2008, the Defendants filed their answer (the "Answer") to the Complaint. Doc. No. 13. In Defendants' Affirmative Defense, they state that the "[t]he FBI has completed Plaintiff's name check," and request the Court remand the matter pursuant to 8 U.S.C. 1447(b) to the USCIS for completion of Plaintiff's application within thirty days. Doc. No. 13 at 4. On February 15, 2008, the Court issued an Order to Show Cause to Plaintiff as to why the matter should not remanded to the USCIS for completion of the application. Doc. No. 14. On February 19, Plaintiff responded to the Court's order and consented to having the matter remanded to the USCIS. Doc. No. 15. Plaintiff stated that remand to the USCIS was the specific relief he requested in his Motion for Summary Judgment. *Id*. Pursuant to the parties' request, on February 27, 2008, the Court remanded the matter to the USCIS for completion of the application and closed the file. Doc. No. 16. In the Court's order of remand (the "Order"), the USCIS was given sixty (60) days to complete the application. *Id*.

On May 5, 2008, Plaintiff filed the present Motion to Reopen and for Contempt (the "Motion"). Doc. No. 17. In the Motion, Plaintiff states that the Court's sixty day deadline for completing the application has passed, but the Defendants have failed to complete the processing of application. *Id*. Thus, Plaintiff requests that the Court "reopen the file, hold the Defendants in contempt for failing to complete the processing of the [Plaintiff's] case," and "direct USCIS to complete its processing forthwith." *Id*.

On May 27, 2007, the Defendants filed their response (the "Response") to the Motion. Doc. No. 19. In the Response, Defendants acknowledge that they "did not meet the . . . deadline for completion of the application. . . ." *Id*. at 2. The Defendants state, however, that they "did finally make a decision on Plaintiff's application . . . on May 2, 2008." *Id*.[1] While the ultimate decision on Plaintiff's application came four days after the Court's deadline, Defendants maintain that there is no reason to reopen the case and no grounds for contempt. *Id*.[2] On June 5, 2008, the matter was referred to the undersigned for a ruling or, if necessary, a report and recommendation. Doc. No. 21.

The Defendants ultimately complied with the Court's Order within four days of the deadline. Although Defendants failed to timely comply with this Court's Order, it does not appear that Defendants' conduct was willfully contemptuous. *See Collins v. Lake Helen, L.P.*, 249 Fed.Appx.

---

[1] The Defendants attached the Decision on Application For Naturalization to the Response. Doc. 19-2. The USCIS determined that Plaintiff is ineligible for naturalization due to having previously provided false testimony on two occasions and failing to establish five years of good moral character. Doc. 19-2 at 4.

[2] On May 27, 2008, the Plaintiff filed a reply to the Defendants' Response. Doc. No. 20. Pursuant to Local Rule 3.01(c), no party shall file any reply to a response unless granted leave by the Court. Because the Court did not grant Plaintiff such leave, the undersigned did not consider Plaintiff's reply in making the forgoing recommendation.

116, 119 (11th Cir. 2007) (holding willful contempt may be demonstrated by showing a clear pattern of delay or an unwillingness to comply with court imposed deadlines).  Therefore, it is recommended that the Court find Defendants' conduct is not contemptuous.  The Court sees no reason to reopen the case.  Thus, it is recommended that the Motion be denied

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED**  in Orlando, Florida on September 16, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Parties